IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAYLOR TOURS, LLC, and NATIONAL INTERSTATE INSURANCE COMPANY, as subrogee of Taylor Tours, LLC,** | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | NO.  16-4682 |
| **SENSATA TECHNOLOGIES, INC., SENSATA TECHNOLOGIES OF MASSACHUSETTS, INC., PREVOST CAR, INC., PREVOST CAR (US), INC., and TEXAS ELECTRONIC INSTRUMENTS,** | |
| Defendants. | |

**DuBois, J.**                                                                                                   **February 17, 2017**

**M E M O R A N D U M**

### I.   INTRODUCTION

This is a product liability case.  Plaintiffs, Taylor Tours, LLC, and National Interstate Insurance Company, as subrogee of Taylor Tours, LLC, purchased a tour bus and replacement circuit breakers for the bus from defendants Prevost Car, Inc., and Prevost Car (US), Inc. (collectively "Prevost").  Following a tour bus fire allegedly caused by a defect in the bus's electrical system or a faulty replacement circuit breaker, plaintiffs filed this suit, asserting negligence, strict product liability, and breach of warranties claims under Pennsylvania law against Prevost and other defendants.  Presently before the Court is Prevost's Motion to Dismiss. For the reasons that follow, the Court denies Prevost's Motion.

### II.   BACKGROUND

The facts of the case as set forth in plaintiffs' Amended Complaint are summarized as follows.

1

Plaintiff Taylor Tours is an Arizona Limited Liability Company that "designs, manufactures, assembles, sells and otherwise distributes tour buses." Am. Compl. ¶ 1.[1] Plaintiff National Interstate Insurance Company, as subrogee of Taylor Tours, is an Ohio corporation that provided insurance to Taylor Tours during the relevant time period. Am. Compl. ¶¶ 2-3. Prevost defendants, Delaware corporations with their principal place of business in Canada, design, manufacture, assemble, sell, and distribute buses, coaches, and motor homes. Am. Compl. ¶¶ 6-7.

At some point prior to July 2, 2014, Prevost designed, manufactured, and placed into the stream of commerce tour buses, including a 2008 Prevost MTH SL2 45E tour bus. Am. Compl. ¶ 10. Taylor Tours purchased the 2008 tour bus from Prevost. Am. Compl. ¶ 11. Taylor Tours alleges that Prevost incorrectly installed a circuit breaker in the bus, constructed the bus in a manner which allowed moisture and other elements to enter into the bus's circuit breakers, failed to install proper overcurrent protection in the bus, and provided defective replacement circuit breakers for the bus. Am. Compl. ¶¶ 12-16.

On July 2, 2014, a "fire erupted within the subject tour bus" that Taylor Tours purchased from Prevost. Am. Compl. ¶ 18. The fire allegedly caused extensive damage to Taylor Tours' real and personal property, and "other consequential and incidental damage including clean-up costs, repair, and other associated expenses." Am. Compl. ¶¶ 18-19. Subsequent investigation of the origin of the fire "revealed significant arcing on circuitry within the bus," and that the "subject circuit breaker failed to open to stop the electrical event before the fire occurred." Am. Compl. ¶ 20.

---

[1] The Court notes that plaintiffs' Response states that Taylor Tours "is in the business of operating tour buses." Pls. Resp. 2.

2

Plaintiffs filed their initial Complaint in the Philadelphia Court of Common Pleas on July 25, 2016.  On August 29, 2016, Prevost removed the case to federal court, invoking diversity jurisdiction.  On September 6, 2016, Prevost filed a Motion to Dismiss.  (Doc. No. 4).  Plaintiffs subsequently filed an Amended Complaint.  (Doc. No. 16, filed Nov. 3, 2016).  In their Amended Complaint, plaintiffs assert claims against Prevost for strict product liability (Count IV), negligence (Count V), and breach of warranties (Count VI).  Prevost filed the pending Motion to Dismiss on November 7, 2016.  (Doc. No. 17).  Prevost seeks dismissal of all claims against it.

### III.   APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

**IV.  DISCUSSION**

In its Motion to Dismiss, Prevost argues that plaintiffs' strict product liability and negligence claims against Prevost are barred by the economic loss doctrine.  Mot. at 5.  Prevost also contends that plaintiffs' breach of warranties claim is barred by the expiration of their express warranty from Prevost and by the four-year statute of limitations for breach of implied warranties contained in the Uniform Commercial Code.  Mot. at 10.  The Court will address each argument in turn.

  A. <u>Strict Product Liability and Negligence Claims</u>

Prevost asserts that Count Four and Five of plaintiffs' Amended Complaint, alleging strict product liability and negligence, respectively, are barred by the economic loss doctrine to the extent that plaintiffs allege damage to the tour bus itself.  Mot. at 5.  The Court disagrees.

"As it originally developed, the economic loss doctrine provided that no cause of action could be maintained in tort for negligence or strict liability where the only injury was 'economic loss'—that is, loss that is neither physical injury nor damage to tangible property."  *2-J Corp. v. Tice*, 126 F.3d 539, 541 (3d Cir. 1997).  The United States Supreme Court expanded the economic loss doctrine, providing that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself."  *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986).  The United States Court of Appeals for the Third Circuit and the Pennsylvania Superior Court have predicted that the Pennsylvania Supreme Court would adopt the holding in *East River*.  *See Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618-21 (3d Cir. 1995); *REM Coal Clark Equip. Co.*, 563 A.2d 128, 132 (Pa. Super. Ct. 1989).

Economic loss includes "damage to the product itself and consequential damages in the nature of costs of repair or replacement or lost profits." *REM*, 563 A.2d at 403. It also includes "loss of business reputation and goodwill." *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 951 (E.D. Pa. 1998). However, "while tort recovery is barred for damage a product causes itself, such recovery is available for damage the failing product causes to 'other property.'" *2-J Corp.*, 126 F.3d at 542.

Plaintiffs allege that Prevost "installed circuitry within the bus in such a manner that the circuits eventually failed," "constructed and/or assembled the bus in such a manner . . . [that] increased the risk of fire," "failed to install proper overcurrent protection within the bus," and "provided defective replacement circuit breakers to Taylor Tours." Am. Compl. ¶¶ 12-16. Plaintiffs do not specify whether the tour bus fire was caused by faulty circuit breakers, improper installation of circuitry, or a defective replacement circuit breaker.

Although not cited by the parties, the *Sea-Land* case held that "every component that was the benefit of the bargain should be integrated into the *product*" and is not considered "other property." *Sea-Land Serv., Inc. v. Gen. Elec. Co.*, 134 F.3d 149, 153 (3d Cir. 1998). The *Sea-Land* court went on to state "[s]ince all commercial parties are aware that replacement parts will be necessary, the integrated product should encompass those replacement parts when they are installed[.]" *Id.* at 154. In *Sea-Land*, a customer purchased an engine in 1988 and a replacement connecting rod for that engine in 1990 from the same company. *Id.* The replacement connecting rod was allegedly defective and caused damage to the engine. *Id.* at 152. Despite the two year lapse between the purchase of the engine and the purchase of the replacement connecting rod, the Third Circuit held that the replacement connecting rod was "integrated" into the engine. *Id.* at 154-55. Thus, damage to the engine caused by the defective connecting rod did not constitute

damage to "other property," and recovery in tort for damage to the engine was barred by the economic loss doctrine. *Id.* at 154-55. In reference to the two year gap between the purchase of the engine and the replacement part, the Third Circuit stated that "[t]he timing of the purchase of the component part may be relevant, but it is not dispositive." *Id.* at 155.

While the facts in this case appear similar to the facts at issue in *Sea-Land*, the Court does not have sufficient information to determine the applicability of *Sea-Land*'s holding to this case. The Amended Complaint only states that, prior to July 2, 2014, Taylor Tours purchased a Prevost tour bus and Prevost provided defective replacement circuit breakers to Taylor Tours. ¶¶ 11, 16. The Complaint does not say anything about the amount of time that elapsed between the purchase of bus and the replacement circuit breakers. Without this information, the Court is unable to determine if the bus and replacement circuit breakers comprise one integrated product. Accordingly, the Court concludes that dismissal of plaintiffs' strict product liability and negligence claims based on the economic loss doctrine is inappropriate at this stage of the case. The Court thus denies that part of Prevost's Motion that seeks to dismiss plaintiffs' strict product liability and negligence claims on that ground.

      B.      <u>Breach of Warranties</u>

Prevost also moves to dismiss plaintiffs' breach of warranties claim. Prevost argues that plaintiffs' breach of warranties claim is barred by the expiration of Prevost's express warranty on the tour bus and by the four-year statute of limitations contained in the Uniform Commercial Code, 13 Pa. Cons. Stat. § 2725(a). Mot. to Dism. at 10. The Court disagrees.

In support of its argument that the express warranty on the bus expired prior to the fire, Prevost attached a copy of the warranty on the bus to its Motion to Dismiss. However, in their Complaint, plaintiffs allege that the tour bus fire was caused by faulty replacement circuit

6

breakers provided by Prevost after the purchase of the bus. Thus, the Court does not address whether it may consider the express warranty attached to the Motion at this stage because the express warranty only covers the tour bus—not the allegedly defective replacement circuit breakers. For that reason, the Court denies that part of Prevost's Motion that seeks to dismiss plaintiffs' claim for breach of an express warranty.

Plaintiffs also allege that Prevost breached its implied warranties of fitness for a particular purpose and merchantability as set forth in 13 Pa. Cons. Stat. § 2-315 and § 2-314(c). Prevost contends that the breach of implied warranties claim is barred by the four-year statute of limitations contained in the Uniform Commercial Code ("UCC"). Under the UCC, an aggrieved party has four years from the time of delivery of a product to bring a claim for breach of the statutory warranties of fitness for a particular purpose and merchantability. 13 Pa. Cons. Stat. § 2725(a) and (b).

The Complaint in this case does not include the exact date that Prevost delivered the tour bus to Taylor Tours or the date on which Prevost provided the allegedly defective replacement circuit breakers to Taylor Tours. It states only that these events occurred prior to the date of the bus fire, July 2, 2014. Thus, the Court is unable to determine whether plaintiffs' claim for breach of implied warranties is barred by the four-year statute of limitations of the UCC. The Court thus denies that part of Prevost's Motion that seeks a dismissal of plaintiffs' claim for breach of implied warranties on that ground.

## V. CONCLUSION

For the foregoing reasons, Prevost's Motion to Dismiss is denied. An appropriate order follows.